UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> ANHEUSER-BUSCH InBEV SA/NV and ) <br> GRUPO MODELO S.A.B. de C.V., ) <br> ) <br> *Defendants.* ) <br> ) | Civil Action No. 13-127 (RWR) <br> Judge Richard W. Roberts |

## STIPULATED INTERIM PROTECTIVE ORDER

THIS MATTER having come before the Court upon the stipulation of the Parties for the entry of an interim protective order regarding the confidentiality of information that is subject to discovery or testimony in this action and that may contain any trade secret, or other confidential research, development, or commercial information. In the interest of expediting discovery and permitting it to proceed without delay occasioned by possible disputes regarding such claims of confidentiality pertaining to voluminous document productions, the Parties have agreed to provide access to and accept such confidential information subject to the provisions set forth below. Good cause having been shown, the Court ORDERS as follows:

### I.   DEFINITIONS

1.   As used in this Order:

   (a) "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or any document, testimony,

or other material, including deposition transcripts, affidavits, and written responses to discovery requests, containing such information.

(b) "Defendants" means (i) Anheuser-Busch InBev SA/NV, its divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing; and (ii) Grupo Modelo S.A.B. de C.V., its divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

(c) "Disclosed" means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part.

(d) "Document" means documents or electronically stored information as defined in Fed. R. Civ. P. 34(a).

(e) "Investigation" means the Department of Justice's pre-Complaint inquiry into the matters at issue in this action.

(f) "Investigation Materials" means (i) documents, testimony, or other materials that any non-party provided to any Party either voluntarily or under compulsory process in connection with the Investigation and during the pendency thereof to the extent such documents are discoverable in this Action; (ii) documents constituting any communication between any Party and any non-party in connection with the Investigation and during the pendency thereof to the extent such documents are discoverable in this Action; and/or (iii) documents, testimony, or other materials that any Defendant has provided to Plaintiff during the Investigation.

(g) "Litigation Materials" means (i) documents, testimony, or other materials that any non-party provides to any Party either voluntarily or under compulsory process in connection with and during the pendency of this Action; (ii) documents constituting any communication between any Party and any non-party in connection with and during the pendency of this Action; (iii) documents, testimony, or other materials that any Defendant provides to Plaintiff in connection with and during the pendency of this Action and/or (iv) documents or other materials that Plaintiff provides to any Defendant in connection with and during the pendency of this Action.

(h) "Outside Counsel of Record" means the firm(s) of attorneys, or sole practitioner(s) as the case may be, representing a Party in this proceeding, provided that the Outside Counsel of Record is not involved in competitive decision-making.

(i) "Party" means Plaintiff or any and all Defendants. "Parties" means Plaintiff and Defendants.

(j) "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

(k) "Plaintiff" means the United States of America, the Antitrust Division of the Department of Justice, and all employees, agents, and representatives of the Antitrust Division of the Department of Justice.

(l) "Protected Person" means any person (including a Party) that has provided Investigation Materials or that, voluntarily or under compulsory process, provides any documents, testimony, or other materials in this Action.

(m) "This Action" means the above-captioned action pending in this Court, including any pretrial, trial, post-trial, or appellate proceedings.

## II. DESIGNATION OF CONFIDENTIAL INFORMATION

2. Within three business days after the Court's entry of this Order, each Party shall send by email, facsimile, or overnight delivery a copy of this Order to each non-party Protected Person (or, if represented by counsel, the Protected Person's counsel) that provided Investigation Materials to that Party.

3. A Protected Person may designate as "Confidential Information" any Investigation Materials or Litigation Materials, to the extent such information constitutes Confidential Information as defined in paragraph 1(a) of this Order. Such designations constitute a representation to the Court that such Protected Person believes, in good faith, that the information so designated constitutes Confidential Information. Any production of documents, testimony, or other materials not designated as Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated Confidential Information pursuant to paragraph 6 of this Order. However, any such subsequent designation will not retroactively prohibit the disclosure of any information for which disclosure was proper when made.

4. **Designation of Materials Produced Prior to Entry of the Protective Order.** Designation as Confidential Information of Investigation Materials and Litigation Materials produced prior to entry of this Order is governed as follows:

   (a) All transcripts of depositions taken by Plaintiff during the Investigation or during this Action prior to entry of this Order will be treated as Confidential Information in their entirety for 30 days after entry of this Order. At any time during the 30-

day period, each Protected Person may designate as Confidential Information, in compliance with paragraph 3 of this Order, any portion of the transcript, by page and line, and any accompanying exhibits produced by the Protected Person. Within five days following the 30-day period, Plaintiff shall transmit to Defendants all deposition confidentiality designations received from non-parties. Any deposition testimony that is not designated as confidential during the 30-day period shall no longer be treated as Confidential Information pursuant to this Order subject to the provisions of paragraph 6.

(b) All documents produced by Protected Persons to Plaintiff (i) during the Investigation, or (ii) during this Action prior to entry of this Order, will be treated as Confidential Information in their entirety for 30 days after entry of this Order. At any time during the 30-day period, any Protected Person may designate as Confidential Information, in compliance with paragraph 3 of this Order, any document or portion of a document produced to Plaintiff by providing Plaintiff with document-production page numbers or other means of easily identifying the designated documents. Within five days following the 30-day period, Plaintiff shall transmit to Defendants all confidentiality designations received from non-parties. If a Protected Person has previously labeled, identified or otherwise designated information produced to Plaintiff during the Investigation as confidential, and does not re-designate the information as Confidential Information pursuant to this Order, the information shall be treated as Confidential Information pursuant to this Order.

5. **Designation of Materials Produced After Entry of the Protective Order.**

Designation as Confidential Information of Litigation Materials produced after entry of this Order is governed as follows:

- (a) Whenever discovery is sought by subpoena from a non-party in this Action after entry of this Order, a copy of this Order shall accompany the subpoena.

- (b) All transcripts of depositions taken in this Action after entry of this Order will be treated as Confidential Information in their entirety for 14 days after the date a copy of the final transcript has been made available to the Protected Person for review. Within three days of receipt of the final transcript, the Party that noticed the deposition shall provide the final transcript to the Protected Person. At any time during the 14-day period, the Protected Person may designate testimony as Confidential Information, in compliance with paragraph 3 of this Order. Such designations (with reference to the page(s) and line(s) of the final transcript) must be provided in writing by the Protected Person making such designations to Plaintiff and Defendants' counsel. Any deposition testimony that is not designated as confidential during the 14-day period shall no longer be treated as Confidential Information pursuant to this Order subject to the provisions of paragraph 6.

- (c) A Protected Person that designates as Confidential Information any document produced in this action after entry of this Order must stamp or label each confidential page of each document with the designation "CONFIDENTIAL." If the entire document is not Confidential Information, the Protected Person shall stamp or label only those pages that contain Confidential Information. Where

Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Confidential Information, the "CONFIDENTIAL" designation may be placed on the disk or other medium.

6. If a Protected Person inadvertently fails to designate as Confidential Information any documents, testimony, or other materials, it may later so designate by notifying the Parties in writing. After receiving such notice, the Parties shall thereafter treat the newly designated information as Confidential Information. No prior disclosure of newly designated Confidential Information shall violate this Order. However, in such circumstance, the disclosing Party will cooperate with the Protected Person to retrieve copies distributed beyond what is permitted by this Order and otherwise take reasonable steps to mitigate the disclosure.

7. If a Party receives a confidentiality waiver to allow a deponent that is not related to the waiving Party to be questioned on information that would otherwise be Confidential Information, that waiver (including identifying the specific Confidential Information to which it pertains) must be disclosed to counsel for all other Parties as soon as practicable, but no later than two business days prior to the deposition of the witness in question, unless good cause for a later disclosure is shown.

8. This Order does not preclude any Party from raising with the Court at any evidentiary proceeding or trial in this Action, after good faith efforts to resolve any disputes, whether any particular information designated as Confidential Information is appropriately designated. No Party concedes, by complying with the procedures set forth in this Order, that any information designated by any Protected Person as Confidential Information is in fact Confidential Information as the term is defined in paragraph 1(a) of this Order, and a failure to challenge such designation shall not preclude a subsequent challenge thereto.

(a) **Procedure for Challenge.** Any Party may, based on the good faith belief of counsel that any information designated as Confidential Information does not constitute Confidential Information, notify the Protected Person (and all Parties) in writing of disagreement with the designation. Such challenge shall identify with particularity the material that the objecting Party contends should be designated differently, and shall state the grounds for objection. The objecting Party shall confer either in person, in writing, or by telephone with the Protected Person within five days of making its objection, or such other time as the Parties may agree, in a good faith effort to resolve the dispute. The Protected Person shall have fourteen days from receipt of the notification to move the Court for an order upholding the designation. The burden of proving that the designation is proper under Rule 26(c)(1)(G) shall be upon the designating Protected Person. The designated information shall be treated in accordance with its Confidential Information designation under this Order until the Court rules on the designating Protected Person's timely filed motion. If the Protected Person fails to move the Court in accordance with this paragraph, or if the Court finds the designation of Confidential Information to have been inappropriate, the challenged designation shall be considered rescinded. The Parties thereafter shall not be required to treat the information as Confidential Information under this Order. The Parties' entry into this Order shall not preclude or prejudice either the Protected Person or the objecting Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

In addition, after the objecting Party and Protected Person have conferred in a good faith effort to resolve the dispute as described above, nothing in this Order prohibits the objecting Party from making its own motion to the Court for de-designation of the Confidential Information in question, as long as the objecting Party informs the Protected Person of its intention to do so at the time the objecting Party makes its objection, or immediately thereafter, in which case the Protected Person will no longer bear the burden to move the Court as described in this paragraph 8(a).

(b) If it comes to Protected Person's attention that material it designated as Confidential Information does not qualify for protection, that Protected Person must promptly notify the Parties in writing of the identity of the improperly designated material and that it is withdrawing the designation.

### III.   SCOPE OF DISCLOSURE OF CONFIDENTIAL INFORMATION

9.   Except as authorized by this Order, information designated as Confidential Information pursuant to this Order shall not be disclosed to any person other than the persons set forth below, and may be disclosed to and used by the persons set forth below only in this Action:

(a) the Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

(b) United States Department of Justice attorneys and employees, and independent contractors retained by the United States Department of Justice to assist in the prosecution of this litigation or otherwise assist in its work (including testifying or consulting experts and their support staff);

    (c) Outside Counsel of Record for Defendants, that counsel's employees, and independent contractors assisting such outside counsel in the defense of this Action;

    (d) testifying or consulting experts retained by a Defendant to assist outside counsel in the prosecution or defense of this Action, including employees of the firm with which the expert or consultant is associated to the extent necessary to assist the expert's work in this Action, provided that such experts and employees are not employed or affiliated in any other way with Defendants;

    (e) authors, addressees, and recipients of particular information designated as Confidential Information solely to the extent that they have previously had lawful access to the particular information disclosed or to be disclosed; and

    (f) persons (and their counsel) whom Plaintiff or Defendants believe(s), in good faith, to have had prior access to the Confidential Information, or who have been participants in a communication that is the subject of the Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they may have had access or that is the subject of the communication in which they may have participated; provided that, unless and until the person or counsel for the person confirms that the person had access or was a participant, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation.

10.    Before any information designated as Confidential Information may be disclosed to any person described in paragraph 9 of this Order, he or she must first read this Order or must

have otherwise been instructed on his or her obligations under the Order by this Court or counsel for a Party, and any testifying or consulting experts and their employees as described in subparagraphs 9(b) and (d) of this Order shall have executed the agreement included as Appendix A hereto. Counsel for the Party making the disclosure must retain the original of such executed agreement for a period of at least one year following the final resolution of this Action. Each person described in paragraph 9 of this Order to whom information designated as Confidential Information is disclosed must not disclose that Confidential Information to any other person, except as provided in this Order.

11.   Notwithstanding paragraphs 9 and 10 of this Order, nothing in this Order:

(a) limits a Protected Person's use or disclosure of its own information designated as Confidential Information;

(b) prevents disclosure of Confidential Information by any Party to any current employee of the person that designated the Confidential Information;

(c) prevents disclosure of Confidential Information by any Party with the consent of the person that designated the Confidential Information;

(d) prevents Plaintiff, subject to taking appropriate steps to preserve the further confidentiality of such information, from disclosing Confidential Information (i) to duly authorized representatives of the Executive Branch of the United States Government; (ii) in the course of any other legal proceedings in which the United States is a party; (iii) to secure compliance with a Final Judgment that is entered in this Action; (iv) for law enforcement purposes, or (v) as may be required by law; or

(e) prohibits the discussion of issues with witnesses simply because those issues are discussed in documents or materials that have been designation as Confidential Information, provided that the witness in question had lawful access to the particular information being discussed.

## IV. USE OF CONFIDENTIAL INFORMATION

12. All proceedings in this Action, including trial, will presumptively be open to the public.

13. **Court Filings Containing Confidential Information.** If any documents, testimony, or other materials designated under this Order as Confidential Information are included in any pleading, motion, exhibit, or other paper to be filed with the Court, the Party seeking to file such material shall follow the procedures set forth in LCvR 5.1(j). Nothing in this Order shall restrict any person from challenging the filing of any Confidential Information material under seal. Within six calendar days of filing any paper containing Confidential Information, the filing Party shall file on the public record a copy of the paper with the Confidential Information redacted.

14. **Trial Exhibits for Case-in-Chief.** If a Party includes trial exhibits on its exhibit list that contain or discuss information that it has designated as Confidential Information, at the time exhibit lists are exchanged, the Party shall also provide redacted versions of such exhibits. When the Parties exchange objections to exhibits, the Parties must also (i) provide redacted versions of any exhibits identified by the opposing party that contain information the Party previously designated as Confidential Information; and (ii) exchange objections to redactions that were initially exchanged with the exhibit lists. Within three business days after exchanging redacted versions of exhibits on the opposing party's exhibit list, the Parties must exchange

objections to these redactions. If a Party fails to provide redacted versions of an exhibit by the conclusion of this process, the exhibit shall be entered on the public record in its entirety.

15. **Exhibits for Purposes of Rebuttal or Impeachment.** The use of exhibits containing Confidential Information for purposes of rebuttal or impeachment shall be addressed in the Parties' Pretrial Statements and the Court's Pretrial Order.

## VI. PROCEDURES UPON TERMINATION OF THIS ACTION

16. Within 90 days after receiving notice of the entry of an order, judgment, or decree terminating this Action, all persons having received information designated as Confidential Information must either make a good faith effort to return such material and all copies thereof to the Protected Person (or the person's counsel if represented by counsel), or destroy all such Confidential Information and certify that fact in writing to that Protected Person. Counsel for Plaintiff and Defendants will be entitled to retain court papers, deposition and trial transcripts and exhibits, and work product, provided that Plaintiff's employees and Defendants' counsel and such counsel's employees do not disclose the portions of court papers, deposition and trial transcripts and exhibits, or work product containing information designated as Confidential Information to any person except pursuant to Court order or agreement with the Protected Person that produced the information designated as Confidential Information. All Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this Paragraph. Nothing in this Paragraph, however, restricts the rights of the Plaintiff under paragraph 11(d) of this Order to retain and use Confidential Information for law enforcement purposes or as otherwise required by law.

## VII.   RIGHT TO SEEK MODIFICATION OF THIS ORDER

17.   Nothing in this Order prevents any person, including members of the public, from seeking modification of this Order, upon motion made pursuant to the rules of this Court. It is understood that this stipulation shall not prejudice the Parties from opposing or seeking modification of any of the provisions of this protective order. In the event any of the terms of this Order are modified to allow access to Confidential Information to anyone other than Outside Counsel of Record, Protected Persons shall be granted a reasonable opportunity to re-designate any of their materials at a higher level of confidentiality as appropriate to prevent such access, and any such modified protective order shall provide a procedure for such re-designation that is not unduly burdensome to any non-party.

**SO ORDERED:**

Dated this 19th day of February 2013.

_____
RICHARD W. ROBERTS
United States District Judge