UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>ANHEUSER-BUSCH InBEV SA/NV, *et al.*,<br><br>*Defendants*. | Civil Action No. 13:127 (RWR)<br>Judge Richard W. Roberts |

## JOINT MOTION FOR A LIMITED EXTENSION OF THE STAY

Plaintiff and Defendants (the "Parties"), with the consent of the Proposed Intervenor Defendants Constellation Brands, Inc. ("Constellation") and Crown Imports LLC (collectively, "Proposed Intervenor Defendants"), respectfully move for the entry of the attached proposed Order for a limited extension of the present stay through April 23, 2013.

On January 31, 2013, the United States filed a Complaint alleging that Defendant Anheuser-Busch InBev's ("ABI") proposed acquisition of Defendant Grupo Modelo S.A.B. de C.V. ("Grupo Modelo") was likely to lessen competition substantially in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. On February 14, 2013, the Defendants announced a revised transaction that relates to the proposed acquisition alleged in the Complaint (the "Revised Transaction"). As part of Defendant ABI's proposed acquisition of the 50% of Grupo Modelo it does not already own, ABI would, along with other assets, sell to Constellation a brewery in Mexico that currently produces certain Grupo Modelo beers for sale in the United States, and would grant perpetual brand licenses to Constellation for Grupo Modelo brands in the United States. On February 22, 2013, the Court ordered a stay of these proceedings [Dkt. No. 21] to allow the Plaintiff time to investigate the Revised Transaction and for the parties to discuss a

resolution of this litigation.  On March 18, 2013, the Court extended the stay until April 9, 2013 [Dkt. No. 23] to afford the Parties and Proposed Intervenor Defendants the opportunity to continue their discussions.

At this time, the Parties have reached an agreement in principle on a resolution of this litigation based on the terms of the Revised Transaction.  The Parties request this additional stay so that they may finalize the details of a proposed consent judgment and related papers required by the Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16(b)-(h), which applies to civil antitrust cases brought and settled by the United States.  The Parties expect this to be their final request to extend the stay.

## SETTLEMENT PROCESS

The APPA requires that the United States and the Court take certain steps before a proposed consent judgment may be entered.  Should the parties reach a resolution, that agreement will be filed with the Court as a proposed consent judgment, along with a Competitive Impact Statement that, *inter alia*, sets forth the alleged violation of the antitrust laws and how the proposed relief eliminates the anticompetitive effects of the acquisition.  15 U.S.C. § 16(b).  After a sixty-day period for public comment, the Court may enter the proposed consent judgment if it is found to be "in the public interest."  *United States v. Abitibi-Consolidated Inc.*, 584 F. Supp. 2d 162, 164 (D.D.C. 2008).

## POINTS AND AUTHORITIES

Courts have "broad discretion" to stay proceedings.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also* Fed. R. Civ. P. 1.

Dated: April 5, 2013

/s/ Michele R. Seltzer
Michelle R. Seltzer (D.C. Bar No. 475482)
United States Department of Justice
Antitrust Division
450 5th Street, N.W., Suite 4100
Washington, D.C. 20530
Tel: (202) 353-3865
michelle.seltzer@usdoj.gov

*On behalf of Plaintiff*

CRAVATH, SWAINE & MOORE LLP,

 by
             /s/ Richard J. Stark
Richard J. Stark (USDC Bar No. MI0010)
         Yonatan Even (*pro hac vice*)

825 Eighth Avenue
   New York, NY 10019-7475
      (212) 474-1000
         rstark@cravath.com
         yeven@cravath.com

*Attorneys for Grupo Modelo S.A.B. de C.V.*

Respectfully submitted,

/s/ Steven C. Sunshine
Steven C. Sunshine (D.C. Bar No. 450078)
Gregory B. Craig (D.C. Bar No. 164640)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Tel: (202) 371-7000
Steven.Sunshine@skadden.com
Gregory.Craig@skadden.com

James A. Keyte (*pro hac vice*)
Karen Hoffman Lent (*pro hac vice*)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036-6522
Tel: (212) 735-3000
James.Keyte@skadden.com
Karen.Lent@skadden.com

Thomas J. Nolan (*pro hac vice*)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Tel: (213) 687-5000
Thomas.Nolan@skadden.com

*Counsel for Anheuser-Busch InBev SA/NV*

SEEN AND AGREED:

/s/ Margaret H. Warner
Margaret H. Warner (D.C. Bar No. 359009)
Raymond A. Jacobsen (D.C. Bar. No. 913988)
Jon B. Dubrow (D.C. Bar No. 442479)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
Tel: (202) 756-8000
mwarner@mwe.com
rayjacobsen@mwe.com
jdubrow@mwe.com

*Counsel for Proposed Intervenor Defendants
   Constellation Brands, Inc. and Crown
   Imports LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | Civil Action No. 13:127 (RWR) |
| ANHEUSER-BUSCH InBEV SA/NV, *et al.*, | ) ) ) | Judge Richard W. Roberts |
| *Defendants*. | ) ) | |

**[PROPOSED] ORDER**

In light of the parties' representations in their joint motion for a limited extension of the stay, it is hereby ORDERED that the parties' joint motion [24] be, and hereby is GRANTED. This case is STAYED and ADMINISTRATIVELY CLOSED through April 23, 2013, and all pending deadlines are tolled.  It is further

ORDERED that if the parties reach a resolution, that agreement, consistent with the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h), which applies to civil antitrust cases brought and settled by the United States, will be promptly filed with the Court as a proposed consent judgment, along with a Competitive Impact Statement that, *inter alia*, sets forth the alleged violation of the antitrust laws, and how the proposed relief eliminates the anticompetitive effects of the acquisition.  15 U.S.C. § 16(b).  It is further

ORDERED that all parties file by April 23, 2013 a joint status report and proposed scheduling order if the case is not resolved before then.

SIGNED this __ day of April, 2013

_____
RICHARD W. ROBERTS
United States District Judge