**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No. 13-127 (RWR) |
| ANHEUSER-BUSCH InBEV SA/NV, *et al.*, | Judge Richard W. Roberts |
| Defendants. | |

UNITED STATES' EXPLANATION OF CONSENT DECREE PROCEDURES

The United States submits this short memorandum summarizing the procedures regarding the Court's entry of the proposed Final Judgment. This Judgment would settle this case pursuant to the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) (the "APPA"), which applies to civil antitrust cases brought and settled by the United States.

1.  Today, the United States has filed this Explanation of Consent Decree Procedures, a proposed Final Judgment and a Stipulation and Order between the parties by which they have agreed that the Court may enter the proposed Final Judgment after the United States has complied with the APPA. The United States has also filed a Competitive Impact Statement relating to the proposed Final Judgment.

2.  The Stipulation and Order is a document that has been agreed to by both the United States and the Defendants. The United States and the Defendants ask that the Court sign this Order, which ensures that the Defendants preserve competition by complying with the provisions of the proposed Final Judgment during the pendency of

the proceedings required by the Tunney Act. *See* 15 U.S.C. § 16(b)-(h). Additionally, the Stipulation and Order adds Constellation Brands, Inc. as a Defendant for purposes of entering the Final Judgment.

3. The APPA requires that the United States publish the proposed Final Judgment and the Competitive Impact Statement in the Federal Register and cause to be published a summary of the terms of the proposed Final Judgment and the Competitive Impact Statement in certain newspapers at least sixty (60) days prior to entry of the proposed Final Judgment. Defendants in this matter have agreed to arrange and bear the costs for the newspaper notices. The notice will inform members of the public that they may submit comments about the proposed Final Judgment to the United States Department of Justice, Antitrust Division, 15 U.S.C. § 16(b)-(c).

4. During the sixty-day period, the United States will consider, and at the close of that period respond to, any comments that it has received, and it will publish the comments and the United States' responses in the Federal Register.

5. After the expiration of the sixty-day period, the United States will file with the Court the comments and the United States' responses, and it may ask the Court to enter the proposed Final Judgment (unless the United States has decided to withdraw its consent to entry of the Final Judgment, as permitted by Section IV.A of the Stipulation, *see* 15 U.S.C. § 16(d)).

6. If the United States requests that the Court enter the proposed Final Judgment after compliance with the APPA, 15 U.S.C. § 16(e)-(f), then the Court may enter the Final Judgment without a hearing, provided that it concludes that the Final Judgment is in the public interest.

Dated: April 19, 2013

Respectfully submitted,

*/s/ Mary N. Strimel*
Mary N. Strimel
United States Department of Justice
Antitrust Division
450 5th Street, N.W., Suite 7100
Washington, D.C. 20530
Tel: (202) 616-5949
mary.strimel@usdoj.gov